IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MATTHEW JONES, #26259**                                                           **PETITIONER**

**VS.**                                                 **CIVIL ACTION NO.: 3:05cv356-WHB-JCS**

**RONALD W. KING and**
**JIM HOOD, Attorney General**                                          **RESPONDENTS**

---

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Matthew Jones signed his Petition for Writ of Habeas Corpus in this cause on June 2, 2005, and it was received and stamped as "filed" by the Clerk of this Court on June 6, 2005. It is now before the undersigned upon the Respondents' "Motion to Dismiss Pursuant to §2244(d)," filed on December 20, 2005, docket entry no. 12, and Respondents' Motion to Amend the Motion to Dismiss, filed on May 9, 2006, docket entry no. 15. Jones filed a response to the motion on January 17, 2006. According to the Respondents, Jones' petition was not timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and should be dismissed for that reason and not considered on the petition's merits.

Jones was convicted for the unlawful delivery of cocaine (Count I) and possession of cocaine (Count II) in the Circuit Court of Lincoln County, Mississippi. On October 16, 1997, he was sentenced to serve a prison term of sixty (60) years on Count I, and a term of six (6) years on Count II, in the custody of the Mississippi Department of Corrections.        **Exhibit A** to

Respondents' Motion.[1]  He perfected a direct appeal, and on August 12, 1999,  the Mississippi Supreme Court affirmed his judgment of conviction and sentence in a written opinion.  **Jones v. State**, 740 So.2d 904 (Miss. 1999) (Cause No. 97-KA-01343-SCT).

On April 7, 2000, Jones filed a "Motion for Rehearing With Added Amendments if the Supreme Court Does Not Accept."  **Exhibit C.**  This motion for rehearing should have been filed within fourteen days after the court's initial decision was rendered under Rule 40 of the Mississippi Rules of Appellate Procedure.  Although it was untimely, it  was denied without a written order, but set forth in the hand down list of the  Mississippi Supreme Court on June 8, 2000.  **Exhibit D.**  The Respondents contend that Jones' conviction became final on September 6, 2000, which was ninety days after this motion for rehearing was denied.

Jones filed an application seeking leave to pursue post-conviction relief in the trial court on August 8, 2000.  This was stamped as filed in the supreme court on August 14, 2000**Exhibit H.**  On August 21, 2000, Jones signed a proposed "Motion to Vacate and Set Aside Convictions and Sentences" to the supreme court with instructions that the motion was to accompany his application that had been previously filed.  **Exhibit I.**  It was stamped filed on August 28, 2000.  On August 23, 2000, Jones submitted a "Motion to Dismiss the Post-Conviction Collateral Relief for the Following Reasons Set Herein and for Procedural Bar as to Res Judicata by the Law ...," stamped filed by the supreme court clerk on August 25, 2000.  **Exhibit J.**  On August 2, 2002, the

---

[1] Unless otherwise noted, all Exhibits are those exhibits referred to in the Respondents' Motion to Dismiss.

supreme court dismissed the application and accompanying motion to vacate without prejudice as requested by the Petitioner. **Exhibit K.**

On December 22, 2000, Jones filed a petition for post conviction relief in the supreme court. **Exhibit E.** On May 24, 2001, Jones filed an application seeking leave to file a supplemental post-conviction brief. **Exhibit F.** The supreme court denied the petition in an Order filed May 28, 2002. **Exhibit G.** This petition was pending in the supreme court from December 22, 2000, through May 28, 2002, for a total of 522 days.

On February 17, 2004, Jones filed another application for post-conviction relief in the supreme court. **Exhibit L.** It was denied as untimely on May 21, 2004. **Exhibit M.**

On June 2, 2005, Jones signed his Petition for Writ of Habeas Corpus in the instant cause, and this petition was received by the Clerk of the Court and filed on June 6, 2005. The petition contained numerous grounds for relief, which will not be set forth herein. Under no. 18., page 14 of the petition, Jones explained why he believes that the one year statute of limitations as contained in 28 U.S.C. § 2244(d) should not bar the petition:

> Petitioner could not read or write, 5th grade education, seventy-two (72) years old, in very bad health. Medical Class 5 disabled inmate, left leg removed at hip, high blood pressure, poor vision, spinal surgery. Petitioner made several attempts to file Post-Conviction using Inmate Writ Writers, but the Writ Writers were moved to other units and petitioner's first post-conviction failed to come properly before the Court as a result it was dismissed without prejudice on August 2, 2002, and Petitioner could not proceed further of file any other motions. No assistance was given by the Inmate Legal Assistance Program at Parchman, MS (MSP). Petitioner did not gain any assistance until he spoke to ILAP representative here at this facility about two (2) months ago. Ms. Melinda Ezell, and the same writ writer that assisted Petitioner at Parchman, MS., was moved closer to Petitioner and began assisting him again to try and file a petition. The Court may inquire to ILAP that the Petitioner did request assistance because he could not read or write.

By Order filed July 8, 2005, the Respondents were directed to file an Answer in this cause, and they responded by filing the instant "Motion to Dismiss Pursuant to § 2244(d)," on December 20, 2005, amended on May 9, 2006. The Petitioner filed a response to the motion on January 17, 2006, contending that his petition should be considered on its merits.

The Respondents assert that the instant petition is barred by the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], as found in 28 U.S.C. § 2244(d). This statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
> >
> > (B) the date on which the **impediment to filing an application created by State action** in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(Emphasis added.)

The Respondents contend that Jones's conviction became final **under AEDPA** on September 6, 2000, which was 90 days **after** the Mississippi Supreme Court denied his motion for rehearing of his direct appeal on June 8, 2000. Under Rule 13(1), Rules of the United States Supreme Court, a writ of certiorari to that Court must have been filed within 90 days after the state supreme court denied the Petitioner's motion for rehearing. See also **Roberts v. Cockrell**, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of §2244(d)(2) ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired.")

The Respondents assert that the AEDPA statute began running on that date, September 6, 2000, and continued running until Jones filed his post-conviction application on December 22, 2000. The statute was then tolled for 522 days, the time period in which Jones' "properly filed" application was pending in the supreme court, December 22, 2000, through May 28, 2002. After the application was denied, the statute again began running until the one year ended, on February 10, 2003 (one year from September 6, 2000, plus 522 days.) According to the Respondents' calculations, the petition filed in the instant cause was filed at least 843 days too late (February 10, 2003 - June 2, 2005).

We have considered the procedural history in Jones' case, the assertions contained in the Respondents' motion and in Jones' response, and the applicable law. Our review leads to the conclusion that the assertions and calculations contained in the Respondents' motion, as amended,

5

are meritorious and accurate, and that Jones' petition must be dismissed as untimely filed under AEDPA. Jones' petition in this cause was not filed until sometime between June 2, 2005,[2] [the date he purportedly signed the petition] and June 6, 2005 [the date the petition was received by the Clerk of this Court]. We agree with the Respondents' calculations that the filing was at least 843 days late (September 6, 2001 -June 2, 2005, less 522 days for tolling) for the purpose of meeting the AEDPA limitations statute.

Jones does not actually dispute the calculations of the Respondents in regard to the timeliness of his Petition. It was filed over two years too late, and under all calculations it is untimely unless Jones can show that the statute should be equitably tolled, or that a state created impediment prevented him from timely filing his petition. The latter position is the argument of the Petitioner, that the State created an impediment to his filing under section § 2244(d)(1)(B) by failing to provide him assistance through the Inmate Legal Assistance Program (ILAP) . The Petitioner's fifteen page response to this motion was written by his writwriter, James Emory Garner, #86777; it is thorough and cites numerous appropriate cases and arguments. Citing **Egerton v. Cockrell**, 334 F.3d 433, 435-36 (5th Cir. 2003), Jones contends that he was unaware of the existence of AEDPA prior to the expiration of his limitations period, and his case should

---

[2] The Petition was purportedly signed on June 2, 2005, and it was actually received by the Clerk of this Court on June 6, 2005. Under **Coleman v. Johnson**, 184 F.3d 398, 401, *rehearing and rehearing en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000) (citing **Spotville v. Caine**, 149 F.3d 374, 376-78 (5th Cir. 1998), the "mailbox rule" applies, and a federal habeas petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court. *See also* Sonnier v. Johnson, 161 F.3d 941, 945 n. 2 (5th Cir. 198) (petition filed on date it was submitted for mailing to the district court). Under either formula, the Petition is untimely.

not be barred as untimely.  Jones also requests leave of court to propound interrogatories, as he asserts was done in the case of **Pruit v. Sparkman**, 98 Fed.Appx. 281, 2204 WL 729707 (5th Cir. 2004).  The Petitioner does not contend that a copy of the AEDPA was not available through the ILAP program during his incarceration at Parchman and SMCI.

Jones concludes that he was not given access to proper legal assistance and counsel while he was housed at Parchman.  According to Jones, because of this, he was effectively denied access to the prison law library and research materials due to his inability to read and write.  The Fifth Circuit has repeatedly held that the inability to obtain research materials, or denial of access to a law library, or ignorance of the law, or being pro se, are not "rare and exceptional" circumstances that warrant **equitable tolling** of the AEDPA limitations period.  *See* **Scott v. Johnson**, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001); **Felder v. Johnson**, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000); **Turner v. Johnson**, 177 F.3d 390, 392 (5th Cir. 1999).  However, **statutory tolling** may be justified where a prisoner is ignorant of the AEDPA statute of limitations and is unable to obtain a copy of the AEDPA from prison authorities.  Under those limited circumstances, the inability to obtain research materials has been held to constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B).  **Egerton**, 334 F.3d at 437.  The analysis under section § 2244(d)(1)(B) is "highly fact dependent."  *Id.* at 438.

To satisfy § 2244(d)(1)(B), "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."  *Id.* at 436.  While § 2244(d)(1)(B) does not define what constitutes an "impediment," its "plain language ... makes

clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." **Lloyd v. Van Natta**, 296 F.3d 630, 633 (7th Cir. 2002).

In **Egerton**, it was held that the complete absence of a copy of the AEDPA in the prison facility may be considered a state impediment to a prisoner's timely filing. 334 F.3d at 439. Jones makes no such allegation, that Parchman had no AEDPA research materials available to him during his incarceration there. Instead, he contends that he was **unable to access** the Inmate Legal Assistance Program, and, therefore, the provisions of AEDPA, due to his illiteracy.

To rebut this contention, the Respondents have attached an Affidavit from Richard R. Pennington, Director of the Inmate Legal Assistance Program at the Mississippi State Penitentiary at Parchman. **Exhibit N.** According to Mr. Pennington, Jones clearly had access to ILAP because he requested and received legal assistance on a regular basis between August, 1998, and March, 2004, by submitting ILAP's standard request form. The Respondents have reviewed Jones' voluminous ILAP file and assert that it contains sixty-three requests for supplies, cases, rules, statutes, mailing services, copy services, notary services, and requests for complaint packets. His requests were denied by ILAP on only six of those 63 occasions. **Answer**, p. 7 at n. 6. Mr. Pennington also explained that ILAP has special provisions to assist illiterate inmates, but it did not know of Jones' need for special assistance until after his limitations period had expired. This was on November 14, 2003, when another inmate requested an ILAP form on Jones' behalf and noted Jones' limited education and writing ability on the form. **Exhibit P.** Jones' ILAP file contains no inquiries about AEDPA while he was housed at Parchman.

The State also attached to its motion the affidavit of Gia N. McLeod, Director of the Inmate Legal Assistance Program for the Mississippi Department of Corrections. **Exhibit O.** According to Ms. McLeod, an inmate's case manager will fill out request forms for a functionally illiterate inmate. Also, ILAP staff will perform as scrivener in drafting pleadings for illiterate inmates. Ms. McLeod also states that inmates occasionally rely on other inmates for legal assistance.

Jones was transferred to South Mississippi Correctional Institute on April 29, 2004. He asserts that he did not receive legal assistance from ILAP at SMCI until two months prior to the filing of his habeas petition in June, 2005. The affidavit of Melinda Ezelle, Director of Inmate Legal Services at SMCI, recites that Jones did not request legal services until September, 2004, approximately five months after he was transferred to SMCI. He did not request information regarding the filing of a habeas petition until May 9, 2005, more than two years after his limitations period expired. Rather than filing his habeas petition, Jones apparently kept pursuing his post-conviction remedies in state court even though the Mississippi Supreme Court had denied his post-conviction petition on May 28, 2002. **Exhibit G.** He filed a successive post-conviction petition on February 17, 2004, while he was housed at Parchman; this was denied after his transfer to SMCI. **Exhibits L and M.**

The Respondents contend that Jones relied on writwriters and fellow inmates while at Parchman rather than informing ILAP that he was illiterate and needed assistance in understanding the materials that had been provided. The AEDPA information was available during that period at Parchman; Jones apparently did not understand the information he requested or that was requested on his behalf. The Respondents conclude that Jones cannot show that he was prevented

9

from timely filing his habeas petition due to a "state-created impediment" pursuant to § 2244(d)(1)(B).

The Respondents also contend that the Petitioner is not entitled to equitable tolling of the AEDPA statute. Equitable tolling can be applied only "in rare and exceptional circumstances." **Davis v. Johnson**, 158 F.3d 806, 807 (5th Cir. 1998). Mere ignorance of the law or of filing deadlines are not such circumstances that would justify equitable tolling. **Fisher v. Johnson**, 174 F.3d 710, 714-15 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035 (2000).

In support of his contention that the State created an impediment to his filing, the Petitioner contends as follows: he did not know about ILAP or he would not have relied on writwriters; he could not read the inmate handbook regarding how to access the ILAP. Further, the ILAP technicians should have known he could not read or write, as evidenced by his X marks in lieu of his name. There were no attorneys at Parchman to assist him, and neither Ms. Ezell or Mr. Pennington advised him. Jones requests Ms. Ezell and Mr. Pennington to indicate the dates of attorney conferences granted, the names of the attorneys who conferred, the legal options discussed, whether Jones was told he was time-barred, and whether a copy of AEDPA was posted in any unit. He also requests to be allowed to propound interrogatories. Jones contends that he was separated from his current writwriter after he was transferred to SMCI, and ILAP did not help him at either facility. Jones suggests that proper legal assistance and consultations would have informed him in time to stop his pursuit in state court and file his habeas petition here before the statute of limitations ran.

The undersigned has considered all of the evidence before the Court, as well as the applicable law. We note that there is no dispute that the petition was filed late, unless the limitations period was equitably or statutorily tolled. We also note that there is no real dispute that a copy of the AEDPA was available at Parchman and at SMCI for the period of time that Jones was housed in those facilities. We conclude that the Petitioner has failed to show that he was prevented by a state created impediment from timely filing his habeas petition, or to demonstrate that he is entitled to equitable tolling.

Jones' case is distinguishable from the prisoner in **Egerton**. The AEDPA materials were available at Parchman, and Jones could have assessed the **ILAP** at that facility, regardless of his illiteracy. The mere assertion that he did not know to do so, or was ignorant of the ILAP or of the law, and was not informed of the time limitations by ILAP, is not sufficient to show a state impediment. Unfortunately, there are many illiterate inmates within the custody of the Mississippi Department of Corrections. If the AEDPA statute were excused due to these prisoners' claims that they did not know how to access ILAP, the statute would be meaningless for illiterate inmates. This defeats the purpose of the limitations period, to lend finality to state convictions. Jones' petition was not slightly late. His direct appeal was actually concluded when the Mississippi Supreme Court affirmed his conviction on August 12, 1999. Yet, he waited until nearly **six** years had passed before seeking federal habeas relief. Such a lengthy delay cannot be excused by his inability to read or write. We find that Jones has failed to show that the State created an impediment to the timely filing of his habeas petition. Although the ILAP program may not provide the best of legal assistance, and may not include attorney consultations, it did have the

AEDPA available for inmate review as well as a special program for illiterate inmates.  Jones simply failed to access the program in the appropriate manner and in a timely fashion.

In the opinion of the undersigned, Jones has also failed to show he is entitled to equitable tolling of the AEDPA statute.  In **Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), the Fifth Circuit directed that  the district courts examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling."  We have done so and find that Jones' circumstances are not so rare and exceptional such as to allow the Court to equitably toll the AEDPA statute.  Jones contends that he was *pro se* and illiterate and was not familiar with the AEDPA time requirements; further, the inmate legal assistance program did not advise him regarding this deadline.  Jones also contends that the assistance program is inadequate and that he was not actually given legal advice or consultation even though he could not read or write.  Yet, the Court in  **Fisher** held that the facts that an appellant is **pro se,** or is ignorant of the law, or has no immediate access to the law library, simply do not generally excuse him from promptness.  *Id.* at 714.

In **Felder**, the Court rejected claims that proceeding *pro se*, having an inadequate law library, and being ignorant of the law constituted "rare and exceptional circumstances" to justify equitable tolling.   204 F.3d at 171.  Noting that it is typical for most habeas petitioners to be *pro se*, the Court found that proceeding *pro se* was certainly not rare and exceptional.  Furthermore, claims of poor libraries and ignorance of the law are certainly not rare.  The Court reasoned that holding otherwise would render "rare" circumstances that "countless other prisoners could claim as their own." 204 F.3d at 173.  **Felder** quoted **Fisher** in stating that the "same concept would

12

apply equally to many other prisoners and in different variations of delayed information, becoming a judicial tolling rule. Such broad decisions are for Congress, not equity." **Fisher**, 174 F.3d at 715. The same principles apply to illiteracy: the inability to read or write is unfortunately not rare among inmates. Instead, it is common and does not constitute an exceptional circumstance.

Accordingly, Jones has not shown and cannot show facts which would support his claim that such exceptional circumstances exist. It would not be unfair, nor would it be a miscarriage of justice, under Jones' circumstances, to apply the AEDPA limitations statute to him. To do otherwise would give little deference to Congress's intent in the passage of AEDPA. It would also not be allowed under the case law rendered by the Court of Appeals for the Fifth Circuit regarding equitable tolling of the AEDPA statute of limitations. In the undersigned's opinion, some of the same factors used to analyze equitable tolling are also pertinent to the consideration of whether Jones was entitled to statutory tolling due to a State created impediment.

It is the recommendation of the undersigned United States Magistrate Judge that the Respondents' "Motion to Dismiss Pursuant to § 2244(d)," [#12] be **granted,** and that the Petition for Writ of Habeas Corpus filed by Matthew Jones be dismissed with prejudice due to his failure to comply with the one year statute of limitations contained in 28 U.S.C. §2244(d).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. 28 U.S.C. § 636,**Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 18th of May, 2006.

S/ James C. Sumner
UNITED STATES MAGIST7RATE JUDGE